**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JUAN ALVAREZ, on behalf of himself and all other similarly situated persons, known and unknown, | ) ) ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. |
| | ) | |
| ARCHITERRA, INC. and RONALD LESTER, individually, | ) ) | Judge |
| | ) | Magistrate Judge |
| Defendants | ) | |
| | ) | |

**CLASS ACTION COMPLAINT**

Plaintiff Juan Alvarez, on behalf of himself and all other similarly situated

individuals, known and unknown, through his attorneys, against Architerra, Inc. and

Ronald Lester,  individually, (collectively "Defendants") states as follows:

**I.        NATURE OF THE CASE**

1.        This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. §201 *et*

*seq*. ("FLSA"), the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq*. ("IMWL") and

the Illinois Wage Payment and Collection Act, 820 ILCS 115/1 *et seq.* ("IWPCA") for:

(1) Defendants' failure to pay Plaintiff overtime wages for all compensable time in

excess of forty (40) hours in individual work weeks in violation of the FLSA and IMWL;

and (2) Defendants' unlawful deductions made from Plaintiff and other similarly situated

employees' weekly wages without proper authorization as required by the IWPCA.

**II.        JURISDICTION AND VENUE**

2.        This Court has jurisdiction over Plaintiff's FLSA claim pursuant to 28

U.S.C. §1331, arising under 29 U.S.C. §216(b).  This Court has supplemental jurisdiction

over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

3.  Venue is proper in this judicial district as Defendants' place of business is located within this judicial district and the events giving rise to Plaintiff's claims occurred in this judicial district.

### III.  PARTIES

**Plaintiff**

4.  At all relevant times, Plaintiff has resided in and has been domiciled in the State of Illinois and within this judicial district.

5.  At all relevant times, Plaintiff has been Defendants' "employee" as defined by the FLSA, 29 U.S.C. §201, *et seq*., the IMWL, 820 ILCS 105/1, *et seq*. and the IWPCA, 820 ILCS 115/1, *et seq.*

**Defendants**

6.  Within the relevant time period, Defendant Architerra, Inc. ("Architerra"):

    a.  has been a corporation organized under the laws of the State of Illinois;

    b.  has had its principal place of business at 239 US Hwy 45 Indian Creek IL, 60061, within this judicial district;

    c.  has conducted business in Illinois and within this judicial district;

    d.  has been an "enterprise" as defined by Section 3(r)(1) of the FLSA, 29 U.S.C. §203(r)(1), and is an enterprise engaged in commerce, within the meaning of Section 3(s)(1)(A);

    e.  has had two (2) or more employees who have handled goods that moved in interstate commerce; and

    f.  has been Plaintiff's "employer" as that term is defined by the FLSA, 29 U.S.C. §203(d), the IMWL, 820 ILCS 105/3(c), and the IWPCA, 820 ILCS 115/2.

7.  During the relevant time period, Defendant Ronald Lester:

    a.  has been the owner or operator of Architerra.;

    b.   has, among other things, had the authority to hire and fire employees, to direct and supervise the work of the employees, to sign on the checking accounts, including paychecks, and to participate in decisions regarding employee compensation and scheduling and capital expenditures; and

    c.   has been Plaintiff's "employer" as that term is defined by the FLSA, 29 U.S.C. §203(d), the IMWL, 820 ILCS 105/3(c), and the IWPCA, 820 ILCS 115/2.

## IV.    FACTUAL BACKGROUND

8.    Defendant Architerra is a corporation specializing in landscaping.

9.    Defendant Ronald Lester is the owner or operator of Architerra

10.    Plaintiff worked as a laborer for Defendants from April 2013 to January 2018.

11.    During the course of his employment, Plaintiff has performed lawn maintenance and snow removal, driven Defendants' equipment and employees, loaded and unloaded Defendants' equipment on Defendants' vehicles and performed other support work for Defendants' business.

12.    Plaintiff was paid $21.63 per hour by Defendants for his work.

13.    Up until the beginning of the landscaping season beginning in the spring of 2017, Defendants had paid overtime wages to Plaintiff in individual work weeks in which he worked in excess of forty (40) hours.

14.    In or about the beginning of the 2017 landscape season, Defendants designated Mr. Alvarez as an employee exempt from the overtime provisions of the FLSA and the IMWL.

15.    However, Mr. Alvarez's job duties had not changed in 2017.

16.    Mr. Alvarez still engaged in the same activities described in paragraph 11, *supra*.

17.     Mr. Alvarez had no decision-making authority over important operational

matters. Specifically,

      a.   Plaintiff did not have authority to make or change schedules;

      b.   Plaintiff did not have authority to hire or fire Defendants' employees.

18.     Throughout his employment with Defendants, Plaintiff was not exempt

from the overtime provisions of the FLSA and the IMWL.

19.     Beginning in or about the spring of 2017, Defendants failed to pay

Plaintiff time and a half for all time worked over forty (40) in individual workweeks.

20.     Plaintiff and other similarly situated employees were required to wear

uniforms while working for Defendants.

21.     Defendants deducted the cost of the uniforms from the weekly wages of

Plaintiff and other similarly situated employee.

22.     The deductions from the weekly wages from Plaintiff and other similarly

situated employee were made without the employee's express written consent, freely

given at the time of the deduction.

## V. CLASS ACTION ALLEGATIONS

23.     Plaintiff will seek to certify this case as a class action pursuant to Fed. R.

Civ. P. Rule 23 for his state law unlawful deduction claim arising under the IWPCA

(Count III).

24.     The class that Plaintiff seeks to represent with regard to his IWPCA

unlawful deduction claim (Count III) is defined as: "Plaintiff and all other similarly

situated employees of Architerra and Ronald Lester who had deductions made from their

wages for the cost of uniforms from May 9, 2008 up to and including the date of

judgment."

       25.      Count III is brought pursuant to Fed. R. Civ. P. Rule 23 (a) and (b)

because:

      a.  The class is so numerous that joinder of all members is impracticable:

      b.  While the precise number of Class Members has not been determined at this time, Plaintiffs are informed and believe that Defendants have employed more than 100 individuals in the IWPCA Unlawful Deduction class period;

      c.  There are questions of fact or law common to the class, which common questions predominate over any questions affecting only individual members. These common questions of law and fact include, without limitation:

            i.      Whether Defendants made deductions from the wages of Plaintiff and the IWPCA Uniform Deduction Class for uniforms; and

            ii.     Whether Defendants obtained Plaintiff and the IWPCA Uniform Deduction Class' express written consent for such uniform deductions freely given at the time the deduction was made.

      d.  Plaintiff will fairly and adequately represent and protect the interests of the Class members. Plaintiff's Counsel is competent and experienced in litigating wage and hour and other employment class actions; ;

      e.  The class representative and the members of the class have been equally affected by Defendants' deductions from pay for uniforms;

      f.  The class representative, class members and Defendants have a commonality of interest in the subject matter and remedies sought and the class representative are able to fairly and adequately represent the interest of the class. If individual actions were required to be brought by each member of the class injured or affected, the result would be a multiplicity of actions creating a hardship on the class members, Defendants, and the Court.

       26.      Therefore, a class action is an appropriate method for the fair and efficient

adjudication of this lawsuit.

**COUNT I**
**Violation of the Fair Labor Standards Act**
**Overtime Wages**
*On behalf of Plaintiff*

27. Plaintiff incorporates and re-alleges paragraphs 1 through 26 of this Complaint as though set forth herein.

28. The matters set forth in this Count arise from Defendants' violation of the FLSA for their failure to pay Plaintiff at the premium overtime rate of one and a half times his regular hourly rate of pay for all time worked in excess of forty (40) hours in individual work weeks.

29. In the three years prior to the filing of this complaint, Defendants suffered or permitted Plaintiff to work in excess of forty (40) hours in individual work weeks.

30. Plaintiff was not exempt from the overtime provisions of the FLSA.

31. In individual work weeks in which Plaintiff worked in excess of forty (40) hours, he was entitled to be compensated at the rate of one and a half times his regular rate of pay for all time worked in excess of forty (40) hours.

32. Defendants' failure to compensate Plaintiff at the rate of one and a half times their regular rate of pay for all time worked in excess of forty (40) hours violated the FLSA.

33. Plaintiff is entitled to recover unpaid wages and overtime wages as described herein for up to three (3) years prior to Plaintiffs filing their complaint because Defendants' violation was willful.

WHEREFORE, Plaintiff, on behalf of himself, prays for a judgment against Defendants as follows:

A.  A judgment in the amount of unpaid regular wages for all the time Plaintiff worked in individual work weeks in which he worked in excess of forty (40) hours for Defendants;

B.  A judgment in the amount of unpaid overtime wages for all the time Plaintiff worked in excess of forty (40) hours in individual work weeks for Defendants;

C.  Liquidated damages in the amount equal to the unpaid wages;

D.  That the Court declare the Defendants violated the FLSA;

E.  That the Court enjoin the Defendants from continuing to violate the FLSA;

F.  Reasonable attorneys' fees and costs of this action as provided by the FLSA; and

G.  Such other further relief this Court deems appropriate and just.

## COUNT II
### Violation of the Illinois Minimum Wage Law
### Overtime Wages
#### *On behalf of Plaintiff*

34.     Plaintiff incorporates and re-alleges paragraphs 1 through 33 of this Complaint as though set forth herein.

35.     The matters set forth in this Count arise from Defendants' violation of the IMWL for their failure to pay Plaintiff at the premium overtime rate of one and a half times his regular hourly rate of pay for all time worked in excess of forty (40) hours in individual work weeks.

36.     In the three years prior to the filing of this complaint, Defendants suffered or permitted Plaintiff to work in excess of forty (40) hours in individual work weeks.

37.     Plaintiff was not exempt from the overtime provisions of the IMWL.

38.     In individual work weeks in which Plaintiff worked in excess of forty (40) hours, he was entitled to be compensated at the rate of one and a half times his regular rate of pay for all time worked in excess of forty (40) hours.

39.     Defendants' failure to compensate Plaintiff at the rate of one and a half times their regular rate of pay for all time worked in excess of forty (40) hours violated the IMWL.

WHEREFORE, Plaintiff, on behalf of himself, prays for a judgment against Defendants as follows:

A.  A judgment in the amount of unpaid regular wages for all the time Plaintiff worked in individual work weeks in which he worked in excess of forty (40) hours for Defendants;

B.  A judgment in the amount of unpaid overtime wages for all the time Plaintiff worked in excess of forty (40) hours in individual work weeks for Defendants;

C.  Liquidated damages in the amount equal to the unpaid wages;

D.  That the Court declare the Defendants violated the IMWL;

E.  That the Court enjoin the Defendants from continuing to violate the IMWL;

F.  Reasonable attorneys' fees and costs of this action as provided by the IMWL; and

G.  Such other further relief this Court deems appropriate and just.

## COUNT III
## Violation of the Illinois Wage Payment and Collection Act
## Unauthorized Uniform Deductions
### *Class Action*

40.     Plaintiff incorporates and re-alleges paragraphs 1 through 39 of this Complaint as though set forth herein.

8

41.     The matters set forth in this Count arise from Defendants' violation of the IWPCA for deducting the cost of uniforms from Plaintiff and other similarly situated employees' weekly wages without express written consent, freely given at the time of the deduction as described in more detail in ¶¶ 20 – 22, *supra*.

42.     In the ten years prior to the filing of this claim the Plaintiff and similarly situated employees had deductions made from their weekly wages for the purpose of paying for uniforms required by the Defendants.

43.     In the ten years prior to filing this claim the Plaintiff and similarly situated employees had this money deducted from their paychecks without express written consent, freely given at the time of the deduction.

44.     The deduction for uniforms was not

    a.  required by law;

    b.  to the benefit of the employee; or

    c.  in response to a valid wage assignment or wage deduction order.

45.     The deductions made from Plaintiff and other similarly situated employees' earned wages for the costs of uniforms required by the employer violated the IWPCA.

WHEREFORE, Plaintiff, on behalf of himself and other similarly situated employees, prays for a judgment against Defendants as follows:

    A.  That the Court determines that this action may be certified as a class action pursuant to Fed. R. Civ. P. Rule 23(a) and (b);

    B.  A judgment in the amount of all money deducted from the compensation of Plaintiff and similarly situated employees for uniforms in individual workweeks by Defendants;

9

C.  Statutory damages pursuant to the formula set forth in 820 ILCS 115/14(a);

D.  That the Court declare the Defendants violated the IWPCA;

E.  That the Court enjoin the Defendants from continuing to violate the IWPCA;

F.  Reasonable attorneys' fees and costs of this action as provided by the IWPCA; and

G.  Such other further relief this Court deems appropriate and just.

> Respectfully submitted
> on behalf of Juan Alvarez,

Dated: May 9, 2018

> /s/Christopher J. Williams
> Christopher J. Williams (ARDC #6284262)
> Alvar Ayala (ARDC #6295810)
> Workers' Law Office, PC
> 53 W. Jackson Blvd, Suite 701
> Chicago, Illinois 60604
>
> Neil Kelley (ARDC #6306308)
> FARMWORKER & LANDSCAPER
>    ADVOCACY PROJECT
> 33 North LaSalle Street Suite 900
> Chicago, Illinois 60604
>
> Attorneys for Plaintiffs