UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JUAN ALVAREZ, on behalf of himself, and all other similarly situated persons, known and unknown, | )<br>)<br>)<br>) |
| Plaintiffs, | ) Case No. 18-cv-03311 |
| vs. | )<br>) The Honorable Elaine E. Bucklo<br>) |
| ARCHITERRA, INC., and RONALD LESTER, Individually, | )<br>)<br>) |
| Defendants. | ) |

### PLAINTIFF'S STATUS REPORT[1]

Plaintiff Juan Alvarez ("Plaintiff") submits this status report pursuant to July 22, 2020 Order (Dkt. #63) and states as follows:

1. This lawsuit was pled as a class action and arises under the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.* ("FLSA"), Portal-to-Portal Act, 29 U.S.C. §251 *et seq.*, the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq.* ("IMWL"), and the Illinois Wage Payment and Collection Act, 820 ILCS 115/1 *et seq.* ("IWPCA") for: (1) Defendants' failure to pay Plaintiff and other similarly situated employees overtime wages for all compensable time in excess of forty (40) hours in individual workweeks in violation of the FLSA and IMWL; and (2) Defendants unlawful deductions made from Plaintiff and other similarly situated employees' weekly wages without proper authorization as required by the IWPCA.

---

[1] As explained, infra, Defendants are not currently represented in this matter and have not responded to Plaintiff's Counsel.

2. This Court has jurisdiction over Plaintiffs' FLSA claims pursuant to 28 U.S.C. §1331, arising under 29 U.S.C. §216(b). This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

3. Defendants were represented by Thomas Yale Mandler and John Thomas Roache until they filed a Motion to Withdraw on June 15, 2020. Dkt. #60. On June 23, 2020, the Motion was granted without a hearing. Dkt. #63.

4. In late 2019, prior to the pandemic, the parties reached settlement agreement of this matter on a class-wide basis which the parties reported to the Court at several status conferences in late 2019.

5. In January 2020, Plaintiffs' counsel sent Defendants' counsel a Class Action Settlement Agreement.

6. Thereafter, Defendants did not respond, and Plaintiff's counsel did not hear from Defendants until Defendants' counsel moved to withdraw on June 15, 2020.[2] Dkt. 60.

7. On June 23, 2020, the Court directed the corporate Defendant, Architerra, Inc., to retain an attorney and the individual Defendant, Ronald Lester, to file a pro se appearance or retain an attorney and set a status for July 23, 2020. Dkt. #63.

8. No attorney has filed an appearance for Achiterra, Inc. as of the date of this filing.

9. No attorney has filed an appearance for Ronald Lester, individually, nor has he filed a pro se appearance.

10. In its June 23, 2020 Order, the Court directed the parties to file a status report. *Id*. However, Plaintiffs' counsel contracted Covid-19 in mid-July 2020 and was unable to timely comply with the Court's Order and apologizes for the delayed status report.

---

[2] Plaintiff's counsel thought the silence from Defendants was due to the pandemic.

11. The Court has set a status for August 25, 2020 at 9:30 a.m. Dkt. #64.

12. If by the date of the next status, Defendants have not appeared, personally or through counsel, Plaintiff intends to seek to enforce the class action settlement agreement reached with Defendants while represented and seek entry of a default judgment against Defendants.

Respectfully submitted,

*s/Christopher J. Williams*
Christopher J. Williams
National Legal Advocacy Network
53 W. Jackson Blvd, Suite 1224
Chicago, IL 60604
(312) 795-9121

One of Plaintiff's Attorneys

Dated: August 7, 2020